UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:14-CR-73 |
| | ) | |
| MICHAEL A. FREEMAN | ) | |

**REPORT AND RECOMMENDATION**

The Defendant has filed a Motion to Quash Indictment [Doc. 30]. Defendant's counsel has indicated that an evidentiary hearing is not necessary to resolve the motion and requested the Court to enter an order addressing the motion "without evidence presented" [Doc. 62]. The motion is ripe for resolution. The Court files this Report and Recommendation based on the pleadings filed in this case, and recommends that the Defendant's Motion to Quash be DENIED.

**I. DEFENDANT'S ALLEGATIONS**

In support of his motion, Defendant alleges various reasons why he claims the indictment should be dismissed. He alleges that the allegations are essentially incredible and as a consequence, the indictment should be dismissed. In support, he claims "[t]he allegations were made against the Defendant back in 2010 by the same Complainant;" that the allegations were investigated by Child Protective Services and were found to be without merit; and that he was never charged back then.

He outlines what is best described as a theory of defense, claiming that he did not possess child pornography, that while it was on his phone, he lacked knowledge of it. Though he acknowledges that "explicit pictures of the genitalia of a pre-pubescent female" were taken by Chrystal Lozano and sent to him, he denies any guilt. [Doc. 30, page ID# 82]. He notes, however, that the alleged victim claims that he took "pictures of her private parts every time she

went to his home." *Id.* at 83. He claims, on one hand, that the only evidence against him is the testimony of the alleged victim, but claims, on the other hand, that "there is no evidence against [him]." *Id.* He claims that the indictment is based on "false allegations" and "no credible evidence." Indeed, he claims "[t]his mother is suffering from emotional and mental instability who has coxed her daughter to make these false allegations against [him]" [Doc. 30, pageID# 84].

In addition to raising credibility issues surrounding the allegations supporting the indictment, he also alleges that the delay in being indicted has "substantially crippled and prejudiced his ability to prepare a defense as possible alibi witnesses either cannot be located or their memory of the events during that time period has faded." [Doc. 30].

## II. ANALYSIS

An indictment must include "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). An indictment is generally sufficient if it "fully, directly, and expressly ... set[s] forth all the elements necessary to constitute the offense intended to be punished." *United States v. Douglas*, 398 F.3d 407, 411 (6th Cir.2005) (internal citation and quotation marks omitted). In particular, the indictment must: (1) "set out all of the elements of the charge[d] offense and must give notice to the defendant of the charges he faces[,]" and (2) "be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *Id*. at 413 (internal citation omitted); *see also United States v. Schaffer*, 586 F.3d 414, 422 (6th Cir. 2009).

In this case, Defendant was indicted on July 16, 2014 [Doc. 14]. The indictment charges Defendant with various crimes involving child pornography, from production, to receipt to

distribution occurring on April 28, 2014 and for at least three years preceding April 28, 2014. *Id.; see* 18 U.S.C. § § 2251(a), 2252A(a)(1), 2252A(a)(2). After reviewing the indictment, on its face, the Court finds it is sufficient as it "fully, directly, and expressly …set[s] forth all the elements necessary to constitute the offense intended to be punished." *Douglas,* 398 F.3d at 411. Defendant's objections to the indictment that are based on the credibility of the evidence presented to the grand jury and his claims of innocence are not proper grounds to dismiss the indictment. Courts do not dismiss legitimate indictments because defendants profess their innocence. This Defendant, as do all defendants, deserve their day in court.

Defendant also alleges that the pre-indictment delay has "unfairly prejudiced" him and "hampered his ability to prepare a proper defense due to the fact that any possible alibi witnesses cannot be located or their memory has faded…." [Doc. 31 page ID# 87-88]. Pre-indictment delay is governed by the Fifth Amendment. *United States v. Schaffer*, 586 F.3d 414, 423 (6th Cir. 2009) citing *United States v. Rogers,* 118 F.3d 466, 475-76 (6th Cir. 1997). "In this circuit, dismissal for pre-indictment delay 'is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage.'" *United States v. Schaffer*, 586 F.3d 414, 424 (6th Cir. 2009) (citations omitted).

Other than conclusory allegations, Defendant does not demonstrate how he has been actually prejudiced. He does not identify any witnesses who would have had relevant information at the time but can no longer provide the same. He does not contend he is unable to assist in his defense because of the delay or that specific evidence has been lost or destroyed.

Moreover, there is no presumed prejudice as a result of pre-indictment delay. The Supreme Court has repeatedly emphasized that, in order to establish a due process violation, the

defendant must show that the delay "caused him actual prejudice in presenting his defense." *United States v. Gouveia*, 467 U.S. 180, 192, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984) (emphasis added); see also United States v. Lovasco, 431 U.S. 783, 789 ("[P]roof of actual prejudice makes a due process claim concrete and ripe for adjudication, not ... automatically valid.")

In this case, the indictment alleges an offense date of April 28, 2014. He was indicted on July 16, 2014. That delay is by any stretch of the imagination insignificant. Given that the Defendant has failed to show how he has actually been prejudiced and failed to show that any pre-indictment delay was an intentional device by the government to gain a tactical advantage, and failed to show any pre-indictment delay at all, the Court RECOMMENDS that his Motion to Quash the Indictment [Doc. 30] be DENIED[1].

                                              s/Clifton L. Corker
                                      United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).